BLANCHE SANFORD, as Administratrix, etc., of LEON SANFORD, Deceased, Respondent, v. FRANK G. MOREAU, Appellant.— Appeal from a judgment of the Supreme Court, Cortland county, entered upon the verdict of a jury in favor of plaintiff in an action to recover damages for negligence. On the 2d day of June, 1936, decedent, driving the car of his employer, Wallace Parker, had called at the school in the village of Marathon to bring the employer's daughter home, and she having entered the car, deceased was driving north along Cortland street, which is the main route between Syracuse and Binghamton. He stopped on the east side of the road in front of his employer's house, the child alighted and closed the door of the car, whereupon deceased turned the car to his left to proceed directly across the road to a gasoline station belonging to the employer. While thus driving west and while on the concrete, the car was struck by the defendant's car, which was proceeding southerly, and as a result of the accident deceased was killed. The road consisted of two concrete strips, each ten feet wide, with a wide shoulder on each side. There was evidence indicating that when struck the front wheels of the car driven by decedent were on the westerly strip of concrete; that the speed of defendant's car was sixty miles an hour; that the road was straight for many hundred feet, for which distance the defendant and deceased had a clear view of each other; that defendant did not slacken his speed, and that there was room for him to have passed to the rear of the car driven by deceased and that he could have stopped in time to have avoided the collision had his car been under proper control. The points raised by the appellant are that deceased violated the mandate of subdivision 2 of section 83 of the Vehicle and Traffic Law in turning

in front of the approaching car of defendant; that deceased was guilty of contributory negligence; that it was error for the court to exclude evidence of witnesses as to the average speed of automobiles along the road at this point. As to contributory negligence, see *Knapp* v. *Barrett* (216 N. Y. 226) and cases there cited. Judgment unanimously affirmed, with costs. Present — Hill, P. J., Rhodes, Crapser, Bliss and Heffernan, JJ.