BERNARD ZIPKIN, Appellant, v. JOHN. J. GROGAN, Respondent.— REYNOLDS, J. Appeal from a judgment of the Supreme Court, Rensselaer County, entered on a jury verdict of no cause of action and from an order of that court denying appellant's motion to set aside the verdict and direct a new trial. This lawsuit resulted from the collision on the evening of April 25, 1964 between automobiles driven by the litigants. The accident occurred when respondent crossed into the opposite lane to enter the parking lot of an inn located on the left-hand side of the road and appellant proceeding in the opposite direction struck the right side of his vehicle. Appellant asserts that the weight of the evidence does not support the jury's verdict of no cause of action. However, there is evidence that, using due care, appellant would have seen respondent in time to avoid the accident (*Sanford* v. *Moreau*, 249 App. Div. 915) ; that appellant's speed was above the limit (see *Cole* v. *Swagler*, 308 N. Y. 325; 4 N. Y. Jur., Automobiles, § 302) ; that the appellant actually left the road, striking respondent when his car had already reached the driveway of the inn ; and finally that appellant's judgment had, perhaps, been impaired due to his drinking of up to seven or eight cans of beer. Appellant's case was tried together with a suit by a passenger of respondent against both appellant and respondent. The jury returned a verdict in favor of the passenger against both appellant and respondent; no appeal was taken from this decision. In our view there was adequate evidence on which the jury could find that appellant was negligent and that such negligence was a contributing proximate cause of the accident (*Regan* v. *Bellows*, 11 A D 2d 586). Judgment and order affirmed, with costs. Gibson, P. J., Herlihy and Staley, Jr., JJ., concur; Taylor, J., not voting.